Dorothy **JOHNSON**, Appellant,

v.

Opal **REEVES**, Administratrix of the Estate of Zelma Newman, Appellee.

Supreme Court of Kentucky.

Oct. 7, 1977.

Charles William Arnold, Lexington, for appellant.

Cecil F. Dunn, Lexington, for appellee.

JONES, Justice.

This appeal is from a judgment of the circuit court granting Opal Reeves, Administratrix of the estate of Zelma Newman, a summary judgment in which Dorothy Johnson sought to recover for personal services allegedly rendered Zelma Newman who died intestate. The summary judgment was granted on the basis that there was no genuine issue of material fact, and that Opal was entitled to judgment as a matter of law. Dorothy had not verified her claim pursuant to KRS 396.010(2). Dorothy was unhappy with the trial court's ruling and prosecutes this appeal. The sole issue presented here is the correctness of the trial court's ruling.

Interrogatories were presented to Dorothy. She was asked what her relationship, if any, was to Mr. Newman. In response she replied, "common-law wife . . . I was his wife without a marriage certificate." She stated that she lived with Newman almost 10 years. A part of that time was in Madison County, Kentucky; and a part was in Fayette County. In addition to asserting that she was Newman's common-law wife, she stated that she was his housekeeper and business partner. While living in Richmond she worked in Newman's whiskey store on Friday and Saturday nights, receiving the sum of $50.00 per month, which she referred to as "spending money." She stated also that she helped Newman develop certain properties. She said she gave him $1200 to pay on a trailer lot. On other occasions she borrowed money which she gave to Newman, and that she bought furniture and "other things." On being asked what she thought she was owed in the amount of money, she replied, "Well, [Newman] he always promised me that I would get what was . . . what he had. He always told me that because I helped him to make it." Dorothy recited a number of neighbors who would testify that Newman told them he wanted Dorothy to have what he had. She estimated that Newman's estate was $80,000. She wanted all of it except $2,000, "because that's what he had when I met him." After being asked if she knew that the law in Kentucky does not recognize common-law marriages, she responded in the affirmative. She claims that she wants all of Newman's estate because of the services she rendered as his housekeeper and his companion. The only basis for that claim, according to Dorothy, was what other people had told her.

At the time of Newman's death, Dorothy was not living with him. There is nothing in the record to show when they came to a parting of the ways.

The trial court's order granting summary judgment was based on the grounds that there was no genuine issue of material fact, and that Opal was entitled to judgment as a matter of law because Dorothy had not verified her claim pursuant to KRS 396.010(2), which states:

"(2) If the claim is not an obligation signed by the decedent or a judgment, it shall also be verified by a person other than the claimant, who shall state in his affidavit that he believes the claim to be just and correct, and give the reasons why he so believes."

In addition, two other statutes were relied upon in granting summary judgment.

"KRS § 396.020(1) No action shall be brought or recovery had on a claim against a decedent's estate until demand of payment has been made of the personal representative, accompanied by the required affidavit; provided That such demand need not be made if the personal representative of the decedent be a nonresident of this state or shall have been absent therefrom four (4) months.

KRS § 396.025 All claims against a decedent's estate which arose before the death of the decedent, excluding claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless proven as required by law and as follows:
(1) Within one (1) year after the date of the appointment of the personal representative; (2) If no personal representative is appointed, within three (3) years after decedent's death."

Dorothy argues that Opal Reeves, as administratrix of the estate of Zelma Newman, did not object to lack of verification and demand in a timely manner. For that reason, she contends that the objection is waived. She supports that argument by citing *Maupin v. Maupin,* 261 Ky. 312, 87 S.W.2d 629 (1935), and four other cases similar in nature. These cases do not support Dorothy's argument. They are distinguishable from the facts in this case.

 Dorothy places great emphasis on the fact that the issue of verification was not raised by Opal Reeves until she filed an amended answer. However, if the amended answer was the first time the issue was raised (and it was not), Opal followed proper procedure. The defense was not waived. A party may amend his pleading at any time, ". . . by leave of court or by written consent of the adverse party; and leave shall be freely given when justice is required." CR 15.01.

Dorothy failed to submit proper verification of the claim by affidavit of a third party. Her counsel did submit his own affidavit stating the nature of Dorothy's claim. In the affidavit he also stated that after it was signed it was sent with a demand letter to Opal stating the nature of the claim and the request for the relief sought. However, this affidavit did not satisfy the mandate of KRS 396.010(2), which requires verification by a third party.

This court is of the opinion that the trial court was correct in sustaining Opal's motion for summary judgment. Dorothy's argument of waiver is of no avail under these circumstances.

Accordingly, the judgment is affirmed.

All concur.