**Mary MORRIS, Appellant,**

v.

**Laura M. DERRY, Administratrix of the Estate of Ann Cohn, Deceased, Appellee.**

Court of Appeals of Kentucky.

Sept. 14, 1984.

Rehearing Denied Nov. 9, 1984

Discretionary Review Denied by Supreme Court March 15, 1985.

Lanny R. Holbrook, Cincinnati, Ohio, for appellant.

James C. Ware, Covington, for appellee.

Before REYNOLDS, WHITE and WIL-HOIT, JJ.

WHITE, Judge.

This appeal is from a determination by the Kenton Circuit Court that appellant Mary Morris is liable upon a note executed by her deceased husband, to whose estate she was heir.

With reference to the facts, a five-thousand-dollar note was executed on November 24, 1967, by James Morris to Ann L. Cohn. In January 1980 Ms. Cohn died; Ms. Derry was appointed administratrix of her estate the following month. In May of that same year Mr. Morris died, with Mrs. Morris being named executrix in June. In May 1981 Ms. Derry claimed Ms. Cohn's personal effects and sometime subsequent thereto discovered the note. A complaint seeking recovery, however, was not filed until June 29, 1982.

Appellant sought dismissal below based upon KRS 396.025 which states:

All claims against a decedent's estate which arose before the death of the decedent ... are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless proven as required by law and as follows:

(1) Within one (1) year after the date of the appointment of the personal representative.

Appellees, however, rely upon KRS 413.-210:

No action upon a cause which accrued against a deceased person in his lifetime shall, when his estate has been distributed and divided, be brought against his heirs or devisees jointly with his personal representative after the expiration of two (2) years from the date of the order of discharge of the representative.

The lower Court overruled the motion to dismiss, noting that the former statute deals with claims presented within the year after the appointment of the personal representative and the latter with those made after the distribution of the assets. To our reading this is unsatisfactory reasoning.

In order for there to be any consistency between KRS 396.025 and 413.210, we must first assume that the Legislature had a specific situation in mind which 413.210 is to address. To our satisfaction that situation relates to instances in which a claim has been properly made against the estate under KRS 396.025; however, it is disallowed by the personal representative. At that point KRS 413.210 attaches to allow two years from the discharge of the representative to pursue that same claim against the heirs or devisees jointly with the personal representative. Otherwise, the dilatory claimant would be given a second bite at a previously lost apple.

Given this interpretation, Ms. Derry's action on behalf of the Cohn estate cannot be given life through KRS 413.210 alone. Having failed to have proven the claim in a timely fashion under KRS 396.-025, the action must be deemed lost. Accordingly, the Circuit Court erred in allowing it to be pursued upon the merits.

The judgment of the Kenton Circuit Court is reversed and remanded with instructions to dismiss Ms. Derry's action as administratrix for Ann L. Cohn's estate.

All concur.