**William Lowell LAWSON, Appellant,**

v.

**Stanley LAWSON, Executor Under the Will of Ellen Lawson, Appellee.**

Court of Appeals of Kentucky.

April 10, 1987.

As Modified May 15, 1987.

Kenneth M. Boggs, Barbourville, for appellant.

Donald R. Todd, Lexington, for appellee.

Before DYCHE, HOWARD and LESTER, JJ.

HOWARD, Judge.

The appellant brings this appeal from a judgment of the Knox Circuit Court denying the appellant's claim for compensation for services alleged due under the will of the deceased mother of the appellant.

This appeal arose from a suit for construction of a will brought by the appellee, the brother of the appellant. The will was executed by the mother of the appellant and the appellee, Ellen D. Lawson, who died in July of 1980.

The appellee, as executor of his mother's estate, brought the suit against the other heirs because a provision in the will called for division of certain property which allegedly could not possibly be so divided. The appellant answered that the property in question could be divided as called for in the will. Further, the appellant demanded that Item V of his mother's will be strictly enforced.

Item V of Ellen D. Lawson's will provides that: "If either of my children take care of me at the end of my death, I want them payed [sic] out of my estate, extra, a minimum wage." The appellant maintained that this provision authorized the payment for services to any of the children for taking care of Ellen D. Lawson during her last years. The appellant stated that he had performed such services and submitted a statement of services showing the amount due. The trial court denied the appellant's claim because the claim lacked proper verification and it was submitted beyond the time limits imposed by statute. We agree.

The appellant contends that, because of the will provision, his claim for services is under a "different footing" than a creditor of the estate, thus the statutes cited by the trial court do not apply. The appellant does not cite any authority for his position. We would assume that the appellant's view of his claim is that it is more akin to part of the distribution of the estate. However, the language of the will plainly states that any sums for services are "extra" to the distribution of real and personal property made in the will. Thus, we see the appellant's demand for payment as simply another claim against the estate.

KRS 396.010(2) provides that:

If the claim is not an obligation signed by the decedent or a judgment, it shall also be verified by a person other than the claimant, who shall state in his affidavit that he believes the claim to be just and correct, and give the reasons why he so believes.

The appellant, in the case at bar, did not submit the affidavit required by the statute. In *Johnson v. Reeves*, Ky., 556 S.W.2d 445 (1977), the Court held that a claim to recover for personal services rendered while the claimant was living with the decedent over a ten-year-period, was barred because of the lack of adequate verification.

KRS 396.025 requires that any claims against a decedent's estate which arose before the decedent's death are barred unless proven within one (1) year of the appointment of a personal representative, or within three (3) years of the decedent's death if no personal representative is appointed. The appellee, Stanley Lawson, was appointed as the executor of Ellen Lawson's estate on February 20, 1981. The appellant's claim was not made until April 16, 1986, over five (5) years later. The filing of the appellant's claim is clearly not within the time limit of KRS 396.025.

*See Morris v. Derry,* Ky.App., 685 S.W.2d 199 (1984).

For the above-stated reasons, the appellant's claim cannot be maintained. We affirm the judgment of the trial court.

Further, pursuant to 2.(a) of the order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.